UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIPER NETWORKS, INC., <br><br>    Plaintiff, <br><br> v. <br><br> RATES TECHNOLOGY INC., <br><br>    Defendant. <br> _____ <br><br> AND RELATED COUNTERCLAIMS. <br> _____ | Civil No. 09cv768 L(RBB) <br><br> **ORDER GRANTING *EX PARTE* MOTION TO STAY [doc. #44]** |

Defendant Rates Technology Inc.'s ("RTI" or "defendant") seeks a stay of certain portions of this action pending determination of its motions, *i.e.*, defendants' motions for change of venue, for summary judgment and for sanctions under Rule 11. [doc. #15, 42, 43] Plaintiffs oppose a stay. The motion has been fully briefed and is considered without oral argument.

RTI's motion is based on the following facts: RTI's motion for change of venue has been fully briefed but its motion for summary judgment, scheduled for hearing on September 8, 2009, has been filed but plaintiff's opposition to that motion is not due until 14 calendar days prior to the noticed hearing. *See* CIV. L.R. 7.1(e)(2). Between now and the September 8, 2009 hearing date, RTI contends discovery will be going forward in this document-intensive case if a stay is not granted. As a result, there will be a significant increase in the costs and fees for both parties

in the interim.

RTI also argues that its motion for summary judgment is based on a single, discrete issue that would be dispositive of the entire case, *i.e.,* whether Viper has the legal capacity to sue in California. Therefore, any additional expenditure of time and money prior to the Court's decision of the motions for change of venue and summary judgment would be unnecessary and wasteful.

On the other hand, Viper contends that RTI's *ex parte* motion "is nothing more than RTI's attempt to avoid the Court's July 6, 2009 deadline for RTI to submit its Disclosure of Asserted Claims and Preliminary Infringement Contentions." (Opp. at 2.) Viper also asserts that RTI is seeking a tactical advantage through this motion by preventing Viper from obtaining certain information from RTI. But Viper appears to acknowledge that RTI's disclosure "may not be necessary in order to prevail, Viper could rely on the information produced by RTI in the July 6 disclosures in opposing that motion [for Rule 11 sanction]." Viper has failed to make any showing that the disclosure of RTI's asserted claims and preliminary infringement contentions is actually necessary in order to respond to any of RTI's motions. In the absence of such a showing, the Court finds that a stay of certain proceedings is in the interest of justice.

Based on the foregoing, RTI's *ex parte* motion to stay is **GRANTED**. The action is stayed except for RTI's motions to transfer venue, for summary judgment and for Rule 11 sanctions. The stay will be lifted, if necessary, upon the filing of the Court's Order addressing RTI's motions.

**IT IS SO ORDERED.**

DATED: July 17, 2009

                                     M. James Lorenz
                                     United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28