UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIPER NETWORKS, INC., )<br>  )<br>       Plaintiff, )<br>  )<br>v. )<br>  )<br>RATES TECHNOLOGY INC., )<br>  )<br>       Defendant. )<br>_____ )<br>  )<br>AND RELATED COUNTERCLAIMS. )<br>  )<br>_____ ) | Civil No. 09cv768 L(RBB)<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE [doc. #15]; DENYING MOTIONS FOR SUMMARY JUDGMENT [doc. #42]; and FOR SANCTIONS [doc. #43]** |

Defendant Rates Technology Inc.'s ("RTI" or "defendant") moves for change of venue, for summary judgment and for sanctions under Rule 11. [doc. #15, 42, 43]  The motions have been fully briefed and are considered without oral argument.

**1.     Background**

Plaintiff Viper Networks, Inc. ("Viper") a Nevada corporation, filed this action against RTI seeking a declaratory judgment that Viper's technology does not infringe the RTI patents and that the patents are invalid.  The two patents at issue relate to the routing of telephone calls. *See* United States Patent Nos. 5,425,085 and 5,519,769.  RTI filed an amended answer and counterclaims alleging patent infringement by Viper with respect to both patents.

On April 24, 2009, RTI filed an action in the United States District Court for the Southern

District of New York, *Rates Technology Inc. v. Viper International, LLC.*, 1:09-cv-4068-LTS. Viper Networks, the plaintiff here, and Viper International, LLC are affiliated but are separate legal entities. The allegations in RTI's complaint involve the same patents and are based on the "same or very similar conduct and activity on the part of" the Viper as those alleged here. (Complaint at 7, ¶ 9.)

Because of the nature of the complaints filed in separate venues and convenience factors, RTI seeks transfer of the present case to the Southern District of New York. Viper opposes the motion.

**2.     Motion for Change of Venue under 28 U.S.C. § 1404(a)**

Section 1404(a) of Title 28 of the United States Code provides that even when venue is proper, the court has discretion to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this section is to "prevent the waste 'of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (*quoting Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)). The party requesting the transfer bears the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

To support a motion to transfer under § 1404(a), the moving party must first show the proposed transferee court possesses subject matter jurisdiction over the action, the parties would be subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *A.J. Indus., Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir. 1974). If this threshold requirement is established, the Court next looks at whether the convenience of parties and witnesses, and the interests of justice favor transfer. 28 U.S.C. § 1404(a). In the Ninth Circuit, courts weigh several considerations when determining whether transfer is appropriate:   (1)

plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses and availability of compulsory process; (4) ease of access to the evidence; (5) feasibility of consolidation of other claims; (6) familiarity of each forum with the applicable law; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. *Decker Coal*, 805 F.2d at 843; *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.), *cert. denied*, 531 U.S. 928 (2000).

RTI asserts, and Viper does not dispute, that the United States District Court for the Southern District of New York possesses subject matter jurisdiction, Viper would be subject to personal jurisdiction in the transferee court, and venue would be proper in the Southern District of New York.

### A.     Convenience of the Parties and Witnesses

"The general rule is that a plaintiff's choice of forum is afforded substantial weight." *Williams v. Bowman*, 157 F. Supp.2d 1103, 1106 (N.D. Cal. 2001). "In judging the weight to be accorded [plaintiff]'s choice of forum, consideration must be given to the extent of both [plaintiff]'s and the [defendants]' contacts with the forum, including those relating to [plaintiff]'s cause of action. If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff]'s choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987) (citation omitted).

In the present case, plaintiff indicates it is a Nevada corporation with Michigan as its principal place of business; RTI is incorporated in Delaware and has its principal place of business in New York. (Complaint at 1. ¶¶ 1, 2.)  Initially plaintiff contends venue is proper in this district because "RTI resides in this District" but fails to provide any discussion as to the factual basis of this statement. *Id.* at 1-2, ¶ 11 (citing 28 U.S.C. §§ 1391(b) & (c) and 1400.)   In opposition to RTI's motion to transfer venue, Viper shifts its argument and states that it "has significant and primary contacts in the San Diego area." (Opp. at 2.) Those contacts are: Viper's Chairman resides and works in the San Diego area; Viper's CEO, who is a resident of Saudi Arabia, "splits his time between working in San Diego, Saudi Arabia and Michigan;" and its "outside accounting firm and corporate counsel . . . maintain offices solely in San Diego." *Id.*

It is undisputed that Viper does not have an office in San Diego.  Viper is silent as to the location of its equipment that performs the internet telephone services it provides to its customers which suggests San Diego is not that location.  Further, the amount of time spent by and the location where Viper's CEO works in San Diego is undisclosed.  The Court notes, the location of outside counsel and/or accountants is of no import to a determination of the convenience and appropriateness of a particular forum.  Given this situation, it is not reasonable to find that Viper has any significant connection to San Diego.  Further, no facts have been set forth that indicate RTI has alleged infringement of its patents by Viper specifically in San Diego.  The subject matter of the litigation therefore is not substantially connected to this forum.  Thus, there is no showing that San Diego has an interest in the parties or the subject matter of the patents-at-issue other than the general interest in patented products being protected from infringement.  Accordingly, no particular interest is served by the selection of this particular forum.

The Court finds that plaintiff's selection of this forum is entitled to only minimal weight and the convenience of the parties weighs in favor of transfer of this action to the Southern District of New York.

**B.    Location of Witnesses and Documentary Evidence**

Litigation in the Southern District of California would not be more convenient for either party in this case.  As noted above, plaintiff is a Nevada corporation with Michigan as its principal place of business, and RTI is incorporated in Delaware and has its principal place of business in New York.   RTI specifically states that it has "no offices, subsidiaries, divisions, officers, directors, or employees located within the state of California, or outside the state of New York."  (Motion Memo. of Ps&As at 5 (citing Weinberger Decl., ¶ 4.))

Although Viper contends that its Chairman resides and works in the San Diego area and its CEO, a resident of Saudi Arabia, "splits his time between working in San Diego, Saudi Arabia and Michigan;" no other witnesses appear to be located within this judicial district.

Litigation in the Southern District of New York would be more convenient, however, because there is a related case pending within that district.  Viper does not dispute that many of

the witnesses from the currently pending New York case will be required to appear in that venue. in New York and that many witnesses in this case are found in New York. *See Alexander v. Franklin Res., Inc.*, 2007 WL 518859, *3 (N.D. Cal., Feb.14, 2007) ("With respect to the convenience of the parties, appearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country."). *Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197, *2 (S.D. Cal., Sept.28, 2005) ("[G]iven the probable overlap between the witnesses called in Plaintiff's case and the witnesses called in the sixty-six other cases currently pending against Purdue in the Southern District of New York, the convenience of the witnesses and of the parties would be better served if all cases were within one district, as opposed to scattered throughout the United States.").

RTI notes that its documents and patent files are in New York and Viper has not identified where any of its relevant documents are located. The Court must conclude that relevant documents are not located in this district.

The convenience of witnesses and access to evidentiary materials weighs in favor of transfer to the Southern District of New York.

### C. Interest of Justice

"The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate." *Madani v. Shell Oil Co.*, 2008 WL 268986, *2 (N.D. Cal., Jan.30, 2008) (quotation omitted); *see also Mussetter Distrib., Inc. v. DBI Beverage Inc.*, 2009 WL 1992356, *6 (E.D. Cal., July 8, 2009); *Amazon.com v. Cendant Corp.*, 404 F. Supp.2d 1256, 1261 (W.D. Wash.2005).

"An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Madani*, 2008 WL 268986, *2); *Bratton v. Schering-Plough Corp.*, 2007 WL 2023482, *5 (D. Ariz., July 12, 2007) ("In general, cases should be transferred to districts where related actions are pending."). "The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might

have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386-87 (9th Cir. 1974) (citations omitted). "In addition to the possible consolidation of discovery and the conservation of time, energy and money, centralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments." *Mussetter Distrib.*, 2009 WL 1992356, *5; *see also Jolly*, 2005 WL 2439197,*2 ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplic[ative] litigation and inconsistent results."); *Argonaut Ins. Co. v. MacArthur Co.*, 2002 WL 145400, *4 (N.D. Cal., Jan.18, 2002) ("The best way to ensure consistency is to prevent related issues from being litigated in two separate venues.").

Here, it is undisputed that a related case is currently pending in the United States District Court for the Southern District of New York, 1:09-cv-4068-LTS.  The New York case involves alleged infringement of RTI's two patents by Viper International, LLC rather than Viper Networks; however, RTI states and Viper does not dispute, the two companies "market and sell substantially the same internet telephone services performed on what is believed to be the same equipment."  (Motion Ps&As at 17.)  The Court finds that the transfer of this action to the Southern District of New York would serve the interest of justice due to the possible consolidation of discovery and the conservation of time, energy and money, and the avoidance of the possibility of inconsistent judgments.

### D. Conclusion

Because the purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964), the Court concludes that this purpose would be served best by transferring this action to the United States District Court for the Southern District of New York

### 3. Motion for Summary Judgment

RTI  moves for summary judgment contending that Viper, a Nevada corporation, does not have the legal capacity to prosecute this action in California because it was dissolved in Nevada.

1 | Viper argues, however, that it was never dissolved in Nevada. Instead, Viper was merely in default because it did not file a form disclosing its corporate officers from January 31, 2009 until July 22, 2009.

Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment on factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material when, under the substantive governing law, it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

Because it is a Nevada corporation, Nevada laws determine the capacity of Viper to sue or defend in federal court. *See* FED. R. CIV. P. 17(b)(2) ( "Capacity to sue or be sued is determined as follows: . . . (2) for a corporation, by the law under which it was organized.") A defaulted corporation in Nevada may sue and be sued in any court of law for up to one year after the corporation enters default status. After one year, if the corporation fails to make the required filing, the corporation's charter is revoked. N.R.S. §§ 78.060(2); 78.175(2).

Here, it is undisputed that Viper cured its default status with the Nevada Secretary of State on July 22, 2009 and is an active corporation under Nevada law.

RTI also argues that Viper lacks the capacity to sue or be sued in California for non-payment of the Franchise Tax. On July 30, 2009, the California Franchise Tax Board issued a Certificate of Rivivor confirming Viper's good standing as an active foreign corporation.

Viper has come forward with admissible evidence demonstrating that it may sue and be sued in this court. Based on the foregoing, the Court denies RTI's motion for summary judgment.

**4.     Motion for Rule 11 Sanctions**

RTI also moves for Rule 11 sanctions contending that the complaint Viper and its attorney filed is "replete with false statements." (Motion at 9.) The allegations found in the

complaint that RTI characterizes as false attack statements concerning the invalidity of the patents or non-infringement by Viper. Finding such statements false for purposes of Rule 11 is premature and unwarranted given the state of the record in this case. RTI mere assertions that Viper's statements are false do not make the statements false particularly when viewed in the context of Rule 11 sanctions directed to the complaint.

Accordingly, the Court denies RTI's motion for Rule 11 sanctions.

**5.    Conclusion**

Based on the foregoing, **IT IS ORDERED**:

1. Defendant RTI's motion to transfer venue to the United States District Court for the Southern District of New York is **GRANTED**;

2. RTI's motion for summary judgment is **DENIED**;

3. RTI's motion for Rule 11 sanctions is **DENIED**; and

4. The Clerk of the Court is directed to **TRANSFER** the above-captioned case to the Southern District of New York forthwith. Upon transfer, this action shall be closed.

**IT IS SO ORDERED.**

DATED: November 23, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL